1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

8

9   PAYSCALE, INC., a Washington corporation,        Case No.

Plaintiff,

10

11          v.                                       COMPLAINT FOR TRADEMARK
                                                     INFRINGEMENT, FALSE
12                                                   DESIGNATION OF ORIGIN,
                                                     CONSUMER PROTECTION ACT
13  SALARY.COM, LLC, a Delaware limited              VIOLATION, COMMON LAW
    liability company,                               UNFAIR COMPETITION AND
14                                                   COMMON LAW TORTIOUS
                    Defendant.                       INTERFERENCE
15
                                                     JURY TRIAL DEMANDED
16

17

18                              **COMPLAINT**

19          Plaintiff Payscale, Inc. ("Payscale") by and through its undersigned counsel, brings this

20  action against Salary.com LLC ("Salary.com") and alleges as follows:

21                            **NATURE OF ACTION**

22          1.      This is an action for infringement of Payscale's trademarks under Section 32(1)

23  of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin

24  under Section 43 of the Lanham Act, 15 U.S.C. § 1125(a), for trademark infringement and

25  unfair competition and tortious interference under the common law of the state of Washington.

COMPLAINT – 1

LOWE GRAHAM JONES ᴾˡˡᶜ

1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

1

2.    The causes of action recited above all arise out of Salary.com's unauthorized use

2    of the names and marks PAYSCALE and PAYFACTORS in connection with services offered

3    by Salary.com in direct competition with Payscale throughout the United States.

4    3.    Payscale owns valuable trademark rights to the names and marks PAYSCALE

5    and PAYFACTORS in connection with employee compensation information services,

6    employee benefit plan information services, and job placement information services, as well as

7    other, related technology and consulting services (collectively "the Payscale Marks").

8    Payscale's rights in the Payscale Marks are protected under both the Lanham Act and the

9

10    common law of the state of Washington through both use and registration.

11    4.    At all relevant times herein, Salary.com was aware of the Payscale Marks.

12    5.    Despite being aware of the Payscale Marks, Salary.com used identical, or nearly

13    identical marks in connection with its own services in direct competition with Payscale.

14

15    6.    Salary.com has used and unless enjoined by this Court, may continue to use,

16    identical or nearly identical marks in connection with its services that compete directly with the

17    services offered by Payscale.

18    7.    Salary.com's infringement was and will continue to be willful. The infringement

19    by Salary.com as alleged herein was and is intended to confuse consumers into mistakenly

20    believing that Salary.com's services originate with Payscale or that there is some affiliation

21    between Payscale and Salary.com.

22

23    8.    Salary.com's infringement has caused actual confusion or is likely to cause

24    confusion amongst a significant segment of the relevant consumers.

25

COMPLAINT – 2

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

9.      Salary.com's infringement has caused irreparable harm to Payscale and to consumers who are highly likely to be confused about the origins of Salary.com's services as a result of Salary.com's infringement as alleged herein.

## PARTIES

10.     Payscale is a corporation organized and existing under the laws of the State of Washington, with a principal place of business located at 113 Cherry St Suite 96140, Seattle, WA 98104.

11.     Salary.com is a limited liability company organized and existing under the laws of the state of Delaware with a principal place of business at 610 Lincoln St. North, Suite 200 Waltham, MA 02451.

## JURISDICTION AND VENUE

12.     This is a civil action arising under the Lanham Act, 15 U.S.C. § 1051, *et seq.* This Court has original subject matter jurisdiction over the trademark infringement and unfair competition claims asserted in this Complaint under 15 U.S.C. §§ 1114, 1121, and 1125(a) pursuant to 28 U.S.C. §§ 1331 and 1338.

13.     This Court has supplemental jurisdiction over the state law claims in this Complaint under the principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367 because these claims are so related to the claims arising under federal law that they form part of the same case or controversy.

14.     This Court has personal jurisdiction over Salary.com because it has committed acts of trademark infringement and unfair competition in the state of Washington and within this judicial district, and because Salary.com regularly solicits and conducts business within the

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

State of Washington and within this judicial district in a manner relating to the causes of action included in this Complaint.

15.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because Salary.com is subject to personal jurisdiction in this judicial district and therefore resides here. Venue is also proper in this judicial district because a substantial part of the trademark infringement and unfair competition alleged in this Complaint occurred in this judicial district as Salary.com has committed acts of trademark infringement and unfair competition in the state of Washington and within this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### Payscale's Trademark Rights

16.     Payscale is the leading provider of employee compensation information services, employee benefit plan information services, and job placement information services, as well as other, related technology and consulting services.

17.     Payscale offers its services for sale over the Internet from its primary website, https://www.payscale.com, among other places.

18.     For over 20 years, Payscale has offered compensation data and related technology services. In 2021, Payscale acquired Payfactors, a leading competitor, and continues to conduct business under both the PAYSCALE and PAYFACTORS names and marks.

19.     Payscale offers state-of-the-art technology services that leverage machine learning to assist employers in managing compensation and allows employees to know their worth. These services are offered by Payscale through the use of one or more of the Payscale

COMPLAINT – 4

Marks and through Payscale's website at https://www.payscale.com/. (*See also* https://www.payscale.com/about/payfactors-product-and-services-guide.)

20.     Payscale owns U.S. Trademark Registration No. 3,275,291 ("the '291 Registration"), for the mark PAYSCALE® in standard characters for "[c]ompiling, organizing, and providing job and job placement, and educational opportunity information for others via the Internet; consulting services in the fields of jobs and job placement, and educational opportunities." The '291 Registration is incontestable under 15 U.S.C. § 1065. A true and correct copy of the '291 Registration is attached to this Complaint as **Exhibit A**.

21.     Payscale also owns U.S. Trademark Registration No. 3,226,135 ("the '135 Registration), for the mark PAYSCALE® in standard characters for "[p]roviding employee benefit and compensation information for others; consulting services in the fields of employee benefits and compensation." A true and correct copy of the '135 Registration is attached to this Complaint as **Exhibit B**.

22.     Payscale also owns U.S. Trademark Registration No. 6,875,246 ("the '246 Registration"), for the mark Payscale & Design®, :::: payscale , for "providing employee benefit and compensation information for others; consulting services in the fields of employee benefits and compensation, jobs and job placement, and educational opportunities; compiling, organizing, and providing job and job placement, and educational opportunity information for others via the Internet." A true and correct copy of the '246 Registration is attached to this Complaint as **Exhibit C**.

23.     Payscale also owns U.S. Trademark Registration No. 7,179,422 ("the '422 Registration"), for the standard character mark PAYSCALE, for "[p]roviding employee

COMPLAINT – 5

LOWE GRAHAM JONES ᴘʟʟᴄ

1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

compensation information for others; consulting services in the fields of employee compensation" and "[p]roviding employee financial benefit plan information for others; consulting services in the fields of employee benefit plans concerning insurance or finance." A true and correct copy of the '422 Registration is attached hereto as **Exhibit D**.

24.    Payscale also owns U.S. Trademark Registration No. 4,884,793 ("the '793 Registration"), for the mark PayFactors® in standard characters for "business services, namely, business consulting in the field of employment compensation; and on-line business information services, namely, providing computerized database management services in the field of employment compensation." A true and correct copy of the '793 Registration is attached to this Complaint as **Exhibit E**.

25.    Since at least as early as December of 2001, Payscale has offered employee compensation information services, employee benefit plan information services, and job placement information services, as well as other, related technology and consulting services under the name and mark PAYSCALE.

26.    Since at least as early as 2013, Payscale or its predecessor in interest has offered employee compensation information services, employee benefit plan information services, and job placement information services, as well as other, related technology and consulting services under the name and mark PAYFACTORS.

27.    Because of the longstanding and continuous use of the Payscale Marks, the names PAYSCALE and PAYFACTORS have become well known in the industry as identifying high-quality services offered exclusively by Payscale.

28.    Payscale has amassed significant, valuable goodwill in the Payscale Marks.

COMPLAINT – 6

29. Through long-term, continuous, and exclusive promotion, marketing, and advertising of its employee compensation information services, employee benefit plan information services, and job placement information services, as well as other, related technology and consulting services under the Payscale Marks, Payscale has obtained valuable trademark rights in these names and marks.

30. Payscale has the exclusive right to use the Payscale Marks in connection with goods and services in the field of employee compensation information services, employee benefit plan information services, job placement information services, as well as other, related technology and consulting services.

31. Payscale has made significant investments in advertising and marketing using the Payscale Marks, used to sell world-class services, which have generated millions of dollars in annual revenue.

32. Because of Payscale's investments in the Payscale Marks, consumers have come to recognize the Payscale Marks as identifying Payscale's employee compensation information services, employee benefit plan information services, and job placement information services, as well as other, related technology and consulting services.

33. Any use of a name or mark confusingly similar to any one of the Payscale Marks by Salary.com is highly likely to confuse consumers, putting them at substantial risk of mistakenly purchasing Salary.com's goods or services when they intend to purchase from Payscale, and causing those same consumers to form opinions and expectations about Payscale which do not match the expectations consumers have come to expect from Payscale. Such

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

1  infringing use of any one of the Payscale Marks damages Payscale's reputation and the goodwill

2  associated with the Payscale Marks.

3      34.    Salary.com has used marks identical or nearly identical to the Payscale Marks

4  (the "Infringing Marks") in interstate commerce, including through paid online advertising.

5  Examples of Salary.com's use of the Infringing Marks include the following:

6

7

8  

9

10

11

12

13  

14

15

16      35.    Salary.com is a direct competitor of Payscale and, upon information and belief,

17  was well aware of the Payscale Marks when it began paid marketing using the Infringing Marks.

18      36.    Therefore, in choosing the Infringing Marks, Salary.com intended to trade off

19

20  the significant goodwill Payscale has amassed in the Payscale Marks.

21      37.    The Payscale Marks are identical or substantially identical to the Infringing

22  Marks and Salary.com has used these identical names and marks in its online marketing

23  campaigns on services directly competitive to those offered by Payscale. Given the identical

24  nature of the marks and the identical nature of the services, consumers are highly likely to be

25

COMPLAINT – 8

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

confused, including by assuming that Salary.com's services are actually offered by Payscale or that Salary.com has partnered with or is somehow affiliated with Payscale.

38.     On information or belief, Salary.com's use of the Infringing Marks has already caused consumers to mistakenly believe that Payscale's services originate with Salary.com or that Payscale and Salary.com are associated or affiliated with one another.

39.     Payscale's continuous, exclusive, and substantial use of the Payscale Marks in connection with its employee compensation information services, employee benefit plan information services, and job placement information services, as well as other, related technology and consulting services precedes Salary.com's use of the Infringing Marks on its directly competitive services. Accordingly, Payscale has priority in the Payscale Marks and is the senior user of the Payscale Marks.

40.     On information or belief, despite its knowledge of Payscale's trademark rights and its knowledge that use of the Infringing Marks is causing or is likely to cause confusion amongst consumers, Salary.com intentionally attempted to benefit from the significant goodwill and recognition Payscale has developed in the Payscale Marks.

**FIRST CAUSE OF ACTION**
**FEDERAL TRADEMARK INFRINGEMENT**
**IN VIOLATION OF 15 U.S.C. § 1114**

41.     Payscale hereby restates and realleges the above paragraphs as if fully set forth herein.

42.     Payscale owns all rights, title, and interest in and to the Payscale Marks protected by registration, namely the registrations identified in Exhibits A-D of this Complaint.

LOWE GRAHAM JONES ᴾᴸᴸᴄ

1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

43.     The marks protected by registration and identified in Exhibits A-D to this Complaint have, and continue to be, used in interstate commerce by Payscale.

44.     Salary.com has used in interstate commerce, without Payscale's permission, at least the Infringing Marks in a manner that is likely to cause confusion or mistake or to deceive purchasers as to the source or origin of Salary.com's goods or services or to cause consumers to mistakenly believe that there is an affiliation or association between the Payscale and Salary.com.

45.     Salary.com's actions as alleged herein constitute infringement of Payscale's registered trademarks under 15 U.S.C. § 1114(1).

46.     Because of Salary.com's wrongful acts, Payscale has suffered and continues to suffer damage to its trademark rights, business reputation, and goodwill.

47.     Unless enjoined, Salary.com will continue to use a trademark that is confusingly similar to the Payscale Marks and will continue to irreparably damage Payscale. Payscale has no adequate remedy at law and is entitled to an injunction restraining Salary.com and all persons acting in concert with Salary.com from engaging in further acts of infringement.

48.     Payscale is entitled to recover from Salary.com any actual damages that it has sustained and is likely to sustain in the future because of Salary.com's wrongful acts.

49.     Payscale is entitled to recover from Salary.com any gains, profits, and advantages that Salary.com has obtained through its willful and wrongful acts.

50.     Because Salary.com's actions are willful, Payscale is entitled to an award of treble damages and reasonable attorneys' fees under 15 U.S.C. § 1117.

**SECOND CAUSE OF ACTION**
**FALSE DESIGNATION OF ORIGIN AND**

COMPLAINT – 10

**UNFAIR COMPETITION IN VIOLATION OF**
**15 U.S.C. § 1125(a)**

51.    Payscale hereby restates and realleges the above paragraphs as if fully set forth herein.

52.    Salary.com's unauthorized use of the Infringing Marks in connection with services directly competitive with those offered by Payscale constitute a false designation of origin of goods or services in commerce in violation of 15 U.S.C. § 1125(a).

53.    Salary.com has actual knowledge that its conduct was and is likely to cause consumer confusion, mistake and deception in violation of 15 U.S.C. § 1125(a).

54.    Payscale has not, at any point, sponsored, approved or authorized Salary.com's use of the Infringing Marks.

55.    Because of Salary.com's wrongful acts, Payscale has suffered and continues to suffer damage to its business reputation and goodwill.

56.    Payscale remedies at law are inadequate and therefore, Payscale is entitled to an injunction restraining Salary.com and all persons acting in concert with Salary.com from engaging in any further acts of infringement.

57.    Through this Complaint, Payscale seeks to recover from Salary.com the gains, profits, and advantages that Salary.com has obtained through its willful and wrongful acts in violation of the Lanham Act.

58.    Because Salary.com's actions are willful, Payscale is entitled to an award of treble damages, increased profits and its reasonable attorneys' fees under 15 U.S.C. § 1117.

**THIRD CAUSE OF ACTION**
**COMMON LAW TRADEMARK INFRINGEMENT**
**AND UNFAIR COMPETITION**

LOWE GRAHAM JONES ᴘʟʟᴄ

1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

59.    Payscale hereby restates and realleges the above paragraphs as if fully set forth herein.

60.    Payscale owns all rights, title, and interest in and to the Payscale Marks, which are protected as trademarks under the common law of the state of Washington.

61.    Consumers have come to recognize Payscale's trademarks as exclusively identifying the Payscale services as described herein.

62.    Payscale has expended substantial time, resources, and efforts to develop and obtain a strong reputation in the marketplace and enormous goodwill in the Payscale Marks.

63.    Salary.com has used in commerce and without Payscale's permission identical or nearly identical infringing marks in a manner that is likely to cause confusion or mistake or to deceive purchasers as to the source of Salary.com's goods and services or to cause consumers to mistakenly believe that there is an affiliation or association between Payscale and Salary.com.

64.    Salary.com's actions have been undertaken in bad faith.

65.    Salary.com's actions constitute trademark infringement and unfair competition under the common law of Washington.

66.    Payscale has suffered and continues to suffer damage to its sales, profits, business reputation, and goodwill as a result of Salary.com's infringement. The harm as alleged herein is irreparable.

67.    Unless enjoined, Salary.com will continue to use a trademark that is confusingly similar to the Payscale's Marks and will continue to irreparably damage Payscale. Payscale has

COMPLAINT – 12

no adequate remedy at law and is entitled to an injunction restraining Salary.com and all persons acting in concert with Salary.com from engaging in further acts of infringement.

68.     Payscale is entitled to recover from Salary.com any actual damages that it has sustained and is likely to sustain in the future because of Salary.com's wrongful acts.

69.     Payscale is entitled to recover from Salary.com any gains, profits, and advantages that Salary.com has obtained through its willful and wrongful acts.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF WASHINGTON CONSUMER PROTECTION ACT,**
**RCW 19.86.010, ET SEQ.**

70.     Payscale hereby restates and realleges the above paragraphs as if fully set forth herein.

71.     Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful. RCW § 19.86.020.

72.     Any company or person may bring a civil action to enjoin further violations and to recover actual damages, together with costs of suit, including a reasonable attorneys' fee. RCW § 19.86.090. In its discretion, the Court may increase the award of reasonable damages to three times the actual damage sustained. *Id.*

73.     Payscale operates in trade or commerce because it sells its employee compensation information services, employee benefit plan information services, and job placement information services, as well as other, related technology and consulting services over the internet within the state of Washington.

74.     Salary.com's use of the Infringing Marks in connection with services directly competitive to those sold by the Payscale is intended to deceive consumers in trade or

COMPLAINT – 13

commerce into believing that Salary.com's services originate with Payscale, or to falsely communicate an association or sponsorship between Payscale and Salary.com.

75.     Salary.com's conduct as alleged herein deceived consumers or is likely to deceive consumers, and as a result, has harmed the public interest.

76.     Salary.com's conduct as alleged herein has caused harm to the Payscale's business or property by harming the goodwill associated with the Payscale Marks and by causing confusion as to the source, origin, or sponsorship of Salary.com's services.

77.     As a direct and proximate result of Salary.com's unfair business practices and unfair and deceptive acts in trade or commerce, Payscale has been damaged, including through the loss of sales, profits, customers, and lost goodwill, in an amount to be proven at trial.

### FIFTH CAUSE OF ACTION
### COMMON LAW TORTIOUS INTERFERENCE

78.     Payscale hereby restates and realleges the above paragraphs as if fully set forth herein.

79.     Payscale had a valid business expectancy that it would sell its services as described herein to customers looking for those same services on the Internet by using search terms comprising one or more of the Payscale Marks.

80.     Salary.com was aware of Payscale's valid business expectancy as alleged herein, and Salary.com is a direct competitor to Payscale.

81.     Salary.com intentionally interfered with Payscale's valid business expectancy as alleged herein by running paid ads incorporating one or more of the Payscale Marks and intending to divert customers away from Payscale and to Salary.com.

COMPLAINT – 14

82.    The interference as alleged herein used improper means, including deception through the use of the Infringing Marks in trade or commerce.

83.    Payscale was damaged at least by lost sales, lost profits related to the diverted services, and by harm to its goodwill, business, property, or reputation caused by Salary.com's tortious interference.

## JURY DEMAND

84.    Payscale demands a trial by jury for all claims so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Payscale respectfully requests that the Court enter judgment against the Salary.com by:

A.    Granting an injunction against Salary.com, and any subsidiaries, partners, members, officers, agents, servants, employees, attorneys, and those in active concert or participation with it or any of them who receive actual notice of the order and judgment of this Court:

i.    from any further use of any name or mark, which includes in whole or in part the terms "Payscale" or "Payfactors" or any combination thereof;

ii.    from any further use of any other mark, word, name or symbol similar to the Payscale Marks, or any other name or mark likely to cause confusion, mistake or to deceive consumers;

iii.    from any further infringement of Payscale's rights in its aforementioned marks, or using any colorable imitation thereof; and

iv.    from continuing any further acts of unfair competition as alleged herein;

COMPLAINT – 15

B.     Ordering that Salary.com account for and pay over to Payscale the full value of any gains, profits, and advantages that Salary.com has realized from its unlawful acts as alleged herein;

C.     Awarding Payscale money damages in an amount to be determined at trial, but in no event less than the value of Payscale's lost sales, lost profits, lost goodwill, and the costs for corrective advertising,

D.     Awarding Payscale trebled damages and/or statutory damages pursuant to, *inter alia*, 15 U.S.C. §§ 1114 & 1117;

E.     Awarding Payscale treble or increased damages to the maximum extent allowed by the law, including under Washington's CPA for Salary.com's acts of willful infringement, including a finding that this case is "exceptional" within the meaning of 15 U.S.C. § 1117;

F.     Awarding Payscale its costs, expenses and reasonable attorneys' fees to the extent allowed by law; and

G.     Awarding Payscale such other and further relief as the Court may deem just and proper.

DATED this 5th day of February, 2025.

LOWE GRAHAM JONES PLLC

Mark P. Walters, WSBA No. 30819
Mitchell D. West, WSBA No. 53103
*walters@LoweGrahamJones.com*
*west@LoweGrahamJones.com*
1325 Fourth Avenue, Suite 1130
Seattle, WA 98101
T: 206.381.3300
F: 206.381.3301

COMPLAINT – 16

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

# EXHIBIT A

Int. Cl.: 35

Prior U.S. Cls.: 100, 101 and 102

Reg. No. 3,275,291

United States Patent and Trademark Office

Registered Aug. 7, 2007

## SERVICE MARK
### PRINCIPAL REGISTER

# PAYSCALE

PAYSCALE, INC. (WASHINGTON CORPORA-
TION)
316 OCCIDENTAL AVENUE, SUITE 310
SEATTLE, WA 98104

FOR: COMPILING, ORGANIZING, AND PRO-
VIDING JOB AND JOB PLACEMENT, AND EDU-
CATIONAL OPPORTUNITY INFORMATION FOR
OTHERS VIA THE INTERNET; CONSULTING SER-
VICES IN THE FIELDS OF JOBS AND JOB PLACE-
MENT, AND EDUCATIONAL OPPORTUNITIES, IN
CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 12-0-2001; IN COMMERCE 12-0-2001.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

SER. NO. 78-978,138, FILED 11-16-2005.

SANDRA MANIOS, EXAMINING ATTORNEY

# EXHIBIT B

Int. Cl.: 35

Prior U.S. Cls.: 100, 101, and 102

**United States Patent and Trademark Office**

Reg. No. 3,226,135

Registered Apr. 3, 2007

**SERVICE MARK**
**SUPPLEMENTAL REGISTER**

# PAYSCALE

PAYSCALE, INC. (WASHINGTON CORPORA-
TION)
316 OCCIDENTAL AVENUE, SUITE 310
SEATTLE, WA 98104

FOR: PROVIDING EMPLOYEE BENEFIT AND
COMPENSATION INFORMATION FOR OTHERS;
CONSULTING SERVICES IN THE FIELDS OF EM-
PLOYEE BENEFITS AND COMPENSATION, IN
CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 12-0-2001; IN COMMERCE 12-0-2001.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

SER. NO. 78-755,304, FILED P.R. 11-16-2005; AM.
S.R. 12-13-2006.

SANDRA MANIOS, EXAMINING ATTORNEY

# EXHIBIT C

# United States of America

## United States Patent and Trademark Office



**Reg. No. 6,875,246**

**Registered Oct. 18, 2022**

**Int. Cl.: 35, 36**

**Service Mark**

**Principal Register**

PayScale, Inc.  (WASHINGTON CORPORATION)
Suite 96140
113 Cherry Street
Seattle, WASHINGTON 98104

CLASS 35: providing employee compensation information for others; consulting services in the fields of employee compensation, jobs and job placement; compiling, organizing, and providing job and job placement information for others via the Internet

FIRST USE 2-26-2021, The mark was first used anywhere in a different form other than that sought to be registered at least as early as 10/12/2006; IN COMMERCE 2-26-2021, The mark was first used in commerce in a different form other than that sought to be registered at least as early as 10/12/2006

CLASS 36: Providing employee benefit information for others; consulting services in the fields of employee benefits

FIRST USE 2-26-2021; IN COMMERCE 2-26-2021

The mark consists of a design comprised of columns of dots next to the stylized wording "PAYSCALE". The dots design consists of four columns of dots of different heights and appears to the left of the lowercase, stylized wording.

OWNER OF U.S. REG. NO. 3275291, 3226135

SEC. 2(F) AS TO PAYSCALE

SER. NO. 90-681,336, FILED 04-29-2021



*Katherine Kelly Vidal*

Director of the United States
Patent and Trademark Office



---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten  Years\***
**What and When to File:**

- *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  See 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.\* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an  Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO).  The time periods for filing are based on the U.S. registration date (not the international registration date).  The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.  See 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO.  Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  See 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic  Application System (TEAS) Correspondence  Address and Change of Owner  Address Forms available at** http://www.uspto.gov.

# EXHIBIT D

# United States of America
## United States Patent and Trademark Office

# PAYSCALE

**Reg. No. 7,179,422**

**Registered Oct. 03, 2023**

**Int. Cl.: 35, 36**

**Service Mark**

**Principal Register**

PayScale, Inc. (WASHINGTON CORPORATION)
Suite 96140
113 Cherry Street
Seattle, WASHINGTON 98104

CLASS 35: Providing employee compensation information for others; consulting services in the fields of employee compensation

FIRST USE 12-00-2001; IN COMMERCE 12-00-2001

CLASS 36: Providing employee financial benefit plan information for others; consulting services in the fields of employee benefit plans concerning insurance or finance

FIRST USE 12-00-2001; IN COMMERCE 12-00-2001

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

OWNER OF U.S. REG. NO. 3275291, 3226135

SEC.2(F)

SER. NO. 97-379,657, FILED 04-25-2022





Director of the United States
Patent and Trademark Office



---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten  Years\***
**What and When to File:**

- *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  See 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.\* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an  Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO).  The time periods for filing are based on the U.S. registration date (not the international registration date).  The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.  See 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO.  Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the  World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  See 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic  Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at** http://www.uspto.gov.

# EXHIBIT E



# United States of America
## United States Patent and Trademark Office

# PayFactors

**Reg. No. 4,884,793**

**Registered Jan. 12, 2016**

**Int. Cl.: 35**

**SERVICE MARK**

**PRINCIPAL REGISTER**

PAYFACTORS GROUP, LLC. (DELAWARE LIMITED LIABILITY COMPANY)
SUITE 100
15 ROCKDALE ST.
BRAINTREE, MA 02184

FOR: BUSINESS SERVICES, NAMELY, BUSINESS CONSULTING IN THE FIELD OF EM-PLOYMENT COMPENSATION; AND ON-LINE BUSINESS INFORMATION SERVICES, NAMELY, PROVIDING COMPUTERIZED DATABASE MANAGEMENT SERVICES IN THE FIELD OF EMPLOYMENT COMPENSATION, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 7-25-2013; IN COMMERCE 11-1-2013.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-TICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 86-616,568, FILED 5-1-2015.

FONG HSU, EXAMINING ATTORNEY



*Michelle K. Lee*

Director of the United States
Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.* *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at** http://www.uspto.gov.